UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER LLOYD,

    Petitioner,

v.

O'BELL WINN,

    Respondent.
_____/

Case No. 1:20-cv-422

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny the petition as barred by the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation and Petitioner's supplement. Additionally, Petitioner has filed a motion requesting an evidentiary hearing. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motion, and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

As an initial matter, Petitioner addresses whether his objections are timely. They are arguably timely, and giving Petitioner the benefit of any doubt, the Court will consider them on the merits along with Petitioner's supplement to his objections (ECF No. 5).

While the Magistrate Judge thoroughly considered Petitioner's habeas corpus claim, Petitioner disagrees with several factual findings and asserts one legal error (Obj., ECF No. 4 at PageID.151). However, Petitioner does not specifically identify the substantive portion of the Report and Recommendation from which the objections arise, and instead cites only page numbers and a range of lines (*id.*). Such presentation may be well-intentioned, but it is difficult for the Court to identify, much less analyze, any specific objections to the portions of the Report and Recommendation cited. Petitioner objects as follows:

> 1. Petitioner objects to the Magistrate's R&R, p. 3 (lines 11-17). Petitioner did meet the statute of limitations period on direct appeal, and review of Petitioner's 6.500.
>
> 2. Petitioner objects to the Magistrate's R&R, p. 5 (lines 1-5). Petitioner has diligently been pursuing his rights, as he pursued issues that were not raised in a prior appeal, federalizing and exhausting his issues in the state courts. …
>
> 3. Petitioner objects to the Magistrate's R&R, p. 7 (lines 1-10). Petitioner requested an evidentiary hearing in the trial court to develop the record; however, the court denied Petitioner's motion. The facts underlying the Petitioner's claims would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the Petitioner guilty of the underlying offense.
>
> 4. Petitioner objects to the Magistrate's R&R, p. 5 (lines 15-23) and p. 6 (lines 1-7). Petitioner is factually and actually innocen[t]. It would be an injustice to deny Petitioner access to the Federal Court, when Petitioner exercised due diligence and "good faith."
>
> **Objections – Legal Errors**
>
> 1. Petitioner objects to the Magistrate's R&R, p.5 (lines 15-23) and p. 6 (lines 1-7). [citing *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), with respect to the actual innocence exception to the statute of limitations]

(*Id.*).

Such objections, and other similarly broad or general objections are not proper objections. An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the *basis* for such objections." W.D. Mich. LCivR 72.3(b) (emphasis added). Petitioner's general statements of disagreement with the Magistrate Judge's conclusions and mere excerpts of arguments already presented—rather than specific objections—do not sufficiently identify Petitioner's issues of contention with the Report and Recommendation and do not provide a proper basis for review by this Court. *See Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious"); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

In his supplement, Petitioner reiterates that he "has consistently since the moment of his arrest maintained his innocence in all his several filings and public statements" and "[h]is procedural bar is excused under the miscarriage of justice exception" (ECF No. 5 at PageID.155). Additionally, Petitioner asserts that "[h]is petition should also be counted as the basis for equitable tolling," and given the opportunity for an evidentiary hearing, Petitioner "opines that he will prove his innocence beyond any reasonable doubt" (*id.* at PageID.156). In his conclusion, Petitioner states that "he should be granted a COA [certificate of appealability] as to the issues raised in his Habeas filing" (*id.*). However, much like his objections, Petitioner fails to present any developed argument to support his assertions.

As noted above, the Magistrate Judge thoroughly considered each of Petitioner's habeas claims and found no basis for relief from the statute of limitations bar. Petitioner provides no persuasive or developed argument in his mere one- or two-sentence objections to sections of the

Report and Recommendation that present a comprehensible, valid challenge to the Magistrate Judge's reasoning or conclusions.  Therefore, the objections are denied.

Additionally, Petitioner filed a motion requesting an evidentiary hearing with regard to ineffective representation by trial counsel as to his constitutional claims (ECF No. 6).  However, because the Court finds Petitioner's habeas petition is time-barred, the motion is denied as moot.  Further, Petitioner fails to establish that he is entitled to an evidentiary hearing.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

The Magistrate Judge set forth the applicable standards for a certificate of appealability, finding that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong.  The Magistrate Judge recommended that the Court deny Petitioner a certificate of appealability (R&R, ECF No. 3 at PageID.148-149).  Moreover, although the Magistrate Judge concluded that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, the Magistrate Judge would not conclude that any issue Petitioner might raise on appeal would be frivolous (*id*. at PageID.149, citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  The Magistrate Judge's recommendations are sound, and the Court will order accordingly.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 4) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 3) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Hearing (ECF No. 6) is DENIED as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted; however, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.

Dated: November 5, 2020 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge